**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| **CHRISTINE STURGEON,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | 2:16-cv-00252-WCO-JCF |
| | **)** | |
| **DELTA MANAGEMENT ASSOCIATES, INC.,** | **)** | |
| | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

## COMPLAINT

NOW COMES the plaintiff, CHRISTINE STURGEON, by and through her attorneys, FORTAS LAW GROUP, LLC, and for her Complaint against the defendant, DELTA MANAGEMENT ASSOCIATES, INC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

4. CHRISTINE STURGEON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Auburn, County of Barrow, State of Georgia.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to United Student Aid Funds, Inc., (hereinafter, "the Debt").

6. The Debt was for a student loan which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. DELTA MANAGEMENT ASSOCIATES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Georgia. Defendant's principal place of business is located in the State of Massachusetts. Defendant is incorporated in the State of Massachusetts.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about April 4, 2016, Defendant sent correspondence to Plaintiff in an effort to collect the aforementioned Debt.

15. The correspondence dated April 4, 2016, stated that the total balance of the account was $5,281.37 which consisted of a principal balance of $3,625.96, interest of $33.04 and fees and costs of $1,622.37.

16. Upon receipt of the aforesaid correspondence, Plaintiff called Defendant to set up a payment plan to pay off the debt, and agreed to a payment plan of $100 per month to be directly debited from a bank account belonging to Plaintiff.

17. On April 26, 2016, Defendant sent Plaintiff correspondence reminding her that a payment would be debited from her account within ten days.

18. The correspondence dated April 26, 2016, stated that the total balance of the account was $5,297.22 which consisted of a principal balance of $3,625.96, interest of $48.89 and fees and costs of $1,622.37.

19. On April 27, 2016, Defendant sent Plaintiff correspondence acknowledging the payment arrangement, and stating that the current balance of the debt was $5,297.94.

20. On May 16, 2016, Defendant sent Plaintiff correspondence reminding her that a payment would be debited from her account within ten days.

21. The correspondence dated May 16, 2016, stated that the total balance of the account was $5,111.15 which consisted of a principal balance of $3,506.73, interest of $11.83 and fees and costs of $1,592.59.

22. On June 15, 2016, Defendant sent Plaintiff another correspondence reminding her that a payment would be debited from her account within ten days.

23. The correspondence dated June 15, 2016 stated that the total balance of the account has now suddenly increased to $10,668.34 which consisted of a principal balance of $8,000.97, interest of $1,065.06 and fees and costs of $1,602.31.

24. Plaintiff called Defendant upon receiving the letter of June 15, 2016 to inquire why the correspondence she received suddenly increased the debt by more than double of what it had been represented for the past two months.

25. Defendant's representatives could not and would not provide any explanation for why the amount of the debt suddenly changed, but Defendant's employee represented that the actual balance of the debt was the more recent, higher balance, and Plaintiff must pay that debt.

26. Defendant's conduct of changing, altering, and misrepresenting the amount of the debt was deceptive conduct as it misled Plaintiff into believing the amount she owed on the debt and persuaded her to attempt to pay the debt off.

27. Plaintiff has been misled into not knowing the amount of her debt and what she is required to pay back.

28. Defendant's misrepresentations of the amount of the debt were material as the amount a consumer owes on a debt would necessarily influence a decision of whether to attempt to pay the debt. Moreover, the amount of the debt

increasing from just over $5,000 to over $10,000 is a material amount as this represents an over 100% increase in the amount of the debt.

29. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

30. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

31. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHRISTINE STURGEON, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**CHRISTINE STURGEON**

By: s/ Scott Fortas
Attorney for Plaintiff

Dated: October 18, 2016

Scott Fortas (Bar No. 269980)
Fortas Law Group, LLC
1934-B N. Druid Hills Rd.
Atlanta GA 30319
Telephone: (404) 315-9936
Facsimile: (404) 636-5418
E-Mail: sfortas@fortaslaw.com